UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GELLYFISH TECHNOLOGY OF TEXAS,
LLC

       Plaintiff,

v.                                                              Case No.  2:11-cv-38

ACER AMERICA CORP.                                JURY TRIAL DEMANDED
ACER, INC.

       Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      Plaintiff GELLYFISH TECHNOLOGY OF TEXAS, LLC, files this Original Complaint against the above-named Defendants, alleging as follows:

### NATURE OF THE ACTION

2.      This is a patent infringement action to stop each Defendant's infringement of Gellyfish's United States Patent No. 6,963,486 entitled "Hand Pads for Laptop Computers and Other Electronic Devices" ("the '486 patent, a copy of which is attached hereto as Exhibit A) and United States Patent No. 6,336,614 entitled "Conformable Portable Computer Hand Pads" ("the '614 patent", a copy of which is attached hereto as Exhibit B).  Gellyfish is the assignee of the '486 patent and the '614 patent.  Gellyfish seeks injunctive relief and monetary damages.

### THE PARTIES

3.      Plaintiff Gellyfish Technology of Texas, LLC, ("GTT") is a Texas Limited Liability Company with its principal place of business at 104 East Houston Street, Suite 165, Marshall, Texas 75670.

4.      Upon information and belief, Defendant Acer America Corporation ("Acer America") is a California corporation with its principal place of business at 333 W. San Carlos

Street, Suite 1500, San Jose, California, 95110-2726.  Acer America may be served with process via its registered agent: CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

5.      Upon information and belief, Defendant Acer, Inc. ("Acer") is a corporation organized and existing under the laws of Taiwan.  Acer may be served at 8F, 88, Sec. 1, Hsin Tai Wu Road, Hsichih, Taipei, Hsien 221, R.O.C.

## JURISDICTION AND VENUE

6.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271; 281; 284-285; and 171, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

7.      The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8.      On information and belief, each Defendant has substantial contacts with the forum as a result of conducting substantial business within the State of Texas and within this District. Upon information and belief, each Defendant regularly solicits business in the State of Texas and in this District, and derives substantial revenue from products and/or services provided to individuals, residing in the State of Texas and in this District.  Each Defendant, directly and/or through intermediaries, has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  These products have been and continue to be purchased by consumers in the Eastern District of Texas.  Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

2

9.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,847,310

10.     GTT refers to and incorporates herein the allegations of Paragraphs 1-6 above.

11.     United States Patent No. 6,847,310 ("the '310 Patent"), entitled "Keyboard," was duly and legally issued by the United States Patent and Trademark Office on January 25, 2005 after full and fair examination.  GTT is the assignee of all rights, title and interest in and to the '310 Patent and possess all substantial right of recovery under the '310  Patent, including the right to sue for past infringement.  A copy of the '310 Patent is attached as Exhibit A.

12.     Upon information and belief, each Defendant has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '310 Patent by making, using, providing, offering to sell, selling (directly or through intermediaries), and importing in this district and elsewhere in the United States, handheld devices which use or embody the patented invention.  For example, and without limitation, the infringing devices include the Acer M900 handheld devices.

13.     GTT is entitled to recover from each Defendant the damages sustained by GTT as a result of each Defendant wrongful acts in an amount subject to proof at trial.

14.     Upon information and belief, each Defendant's infringement of the '310 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

15.     Each Defendant's infringement of GTT's exclusive rights under the '310 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D470,150

16.     GTT refers to and incorporates herein the allegations of Paragraphs 1-6 above.

17.     United States Design Patent No. D470,150 ("the 'D150 Patent"), entitled "Hand-Held Device Keypad," was duly and legally issued by the United States Patent and Trademark Office on February 11, 2003 after full and fair examination.  GTT is the assignee of all rights, title and interest in and to the 'D150 Patent and possess all substantial right of recovery under the 'D150 Patent, including the right to sue for past infringement.  A copy of the 'D150 Patent is attached as Exhibit B.

18.     Upon information and belief, each Defendant has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the 'D150 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, handheld devices that use or embody the patented invention.  For example, and without limitation, the infringing devices include the Acer M900 handheld devices.

19.     GTT is entitled to recover from each Defendant the damages sustained by GTT as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

20.     Upon information and belief, each Defendant's infringement of the 'D150 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21.     Each Defendant's infringement of GTT's exclusive rights under the 'D150 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT III

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D470,151

22.     GTT refers to and incorporates herein the allegations of Paragraphs 1-6 above.

23.     United States Design Patent No. D470,151 ("the 'D151 Patent"), entitled "Hand-Held Device Keyboard," was duly and legally issued by the United States Patent and Trademark Office on February 11, 2003 after full and fair examination.  GTT is the assignee of all rights, title and interest in and to the 'D151 Patent and possess all substantial right of recovery under the 'D151 Patent, including the right to sue for past infringement.  A copy of the 'D151 Patent is attached as Exhibit C.

24.     Upon information and belief, each Defendant has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the 'D151 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, handheld devices that use or embody the patented invention.  For example, and without limitation, the infringing devices include the Acer M900 handheld devices.

25.     GTT is entitled to recover from each Defendant the damages sustained by GTT as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

26.     Upon information and belief, each Defendant's infringement of the 'D151 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27.     Each Defendant's infringement of GTT's exclusive rights under the 'D151 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D476,327

28.     GTT refers to and incorporates herein the allegations of Paragraphs 1-6 above.

29.     United States Design Patent No. D476,327 ("the 'D327 Patent"), entitled "Hand-Held Device," was duly and legally issued by the United States Patent and Trademark Office on June 24, 2003 after full and fair examination.  GTT is the assignee of all rights, title and interest in and to the 'D327 Patent and possess all substantial right of recovery under the 'D327 Patent, including the right to sue for past infringement.  A copy of the 'D327 Patent is attached as Exhibit D.

30.     Upon information and belief, each Defendant has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the 'D327 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, handheld devices that use or embody the patented invention.  For example, and without limitation, the infringing devices include the Acer M900 handheld devices.

31.     GTT is entitled to recover from each Defendant the damages sustained by GTT as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

32.     Upon information and belief, each Defendant's infringement of the 'D327 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

33.     Each Defendant's infringement of GTT's exclusive rights under the 'D327 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT V

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D481,717

34.     GTT refers to and incorporates herein the allegations of Paragraphs 1-6 above.

35.     United States Design Patent No. D481,717 ("the 'D717 Patent"), entitled "Hand-Held Device with Buttons," was duly and legally issued by the United States Patent and Trademark Office on June 24, 2003 after full and fair examination.  GTT is the assignee of all rights, title and interest in and to the 'D717 Patent and possess all substantial right of recovery under the 'D717 Patent, including the right to sue for past infringement.  A copy of the 'D717 Patent is attached as Exhibit E.

36.     Upon information and belief, each Defendant has infringed and continues to infringe, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the 'D717 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, handheld devices that use or embody the patented invention.  For example, and without limitation, the infringing devices include the Acer M900 handheld devices.

37.     GTT is entitled to recover from each Defendant the damages sustained by GTT as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

38.     Upon information and belief, each Defendant's infringement of the 'D717 Patent has been willful and deliberate, entitling GTT to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

39.     Each Defendant's infringement of GTT's exclusive rights under the 'D717 Patent will continue to damage GTT's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

40.     GTT demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Gellyfish Technology of Texas, LLC ("GTT") respectfully requests this Court to enter judgment in its favor against each Defendant, granting the following relief:

A.     An adjudication that each Defendant has infringed and continues to infringe claims of the '310 Patent;

B.     An adjudication that each Defendant has infringed and continues to infringe the claim of the 'D150 Patent;

C.     An adjudication that each Defendant has infringed and continues to infringe the claim of the 'D151 Patent;

D.     An adjudication that each Defendant has infringed and continues to infringe the claim of the 'D327 Patent;

E.     An adjudication that each Defendant has infringed and continues to infringe the claim of the 'D717 Patent;

F.     An award to GTT of damages adequate to compensate for each Defendant's acts of infringement together with prejudgment interest;

G.     An award to GTT of enhanced damages, up to and including trebling of GTT's damages pursuant to 35 U.S.C. § 284, for each Defendant's willful infringement;

H.     An award of GTT's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. §285 due to the exceptional nature of this case, or as otherwise permitted by law;

I.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of infringement; and

J.       Any further relief that this Court deems just and proper.

Respectfully Submitted,

Dated:  January 25, 2011                   **GELLYFISH TECHNOLOGY OF
                                            TEXAS, LLC**

By:  /s/ William E. Davis, III
     William E. Davis III
     Texas State Bar No. 24047416
     **The Davis Firm, PC**
     111 West Tyler Street
     Longview, Texas 75601
     Phone: 903-230-9090
     Fax: 903-230-9661

     **ATTORNEY FOR PLAINTIFF
     GELLYFISH TECHNOLOGY OF
     TEXAS, LLC**